Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PARROT S.A. and PARROT DRONES S.A.S.,

Plaintiffs,

vs.

GABRIEL TORRES, an individual,

Defendant.

No. 2:18-cv-00867-RSL

**FIRST AMENDED COMPLAINT**

**[REDACTED PUBLIC VERSION]**

Plaintiffs Parrot S.A. and Parrot Drones S.A.S. (together "Parrot") allege as follows based on personal knowledge or upon information and belief. Parrot's information and belief is based upon, among other things, review of materials in litigation involving Defendant Gabriel Torres ("Torres" or "Defendant") as described below.

**NATURE OF THE ACTION**

1. Parrot brings this action against Torres for contractual indemnity, breach of contract, securities fraud, and common law fraud. Until recently, Torres was President and CEO of MicaSense, Inc. ("MicaSense"), a drone technology company founded by Torres and others. Parrot is a significant shareholder in MicaSense.

2. In 2015, Parrot S.A. was considering whether to acquire a larger ownership interest in MicaSense by participating in a Series A-2 Preferred Stock sale by MicaSense (the "Second Round Investment"). At the time, MicaSense, Torres, and the other MicaSense founders were defendants in a California state court lawsuit brought by Torres's former

FIRST AMENDED COMPLAINT
(2:18-cv-000867-RSL) - 1
4834-4132-4910v.1 0111599-000002

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

employer, AeroVironment, Inc. ("AV"), titled *AeroVironment, Inc. v. Gabriel Torres et al.*, Ventura County Superior Court No. 56-2015-00465460 (the "AV Litigation"). AV alleged, among other things, that Torres had breached his Patent and Confidentiality Agreement with AV and his duty of loyalty as an AV employee, and also had committed fraudulent concealment, by using proprietary AV resources and information to plan for and launch MicaSense and develop products for sale by MicaSense.

3. Before committing to the Second Round Investment, Parrot S.A. sought information and personal assurance from Torres about AV's claims. In response to those inquiries, Torres made false representations and omitted material information, leading Parrot S.A. to believe the claims in the AV Litigation lacked merit. He did so intentionally, to induce Parrot S.A. to make the Second Round Investment, and for his own enrichment. Parrot S.A. reasonably relied on these representations and, as a result, purchased approximately $7.4 million worth of Series A-2 Preferred Stock, pursuant to the Series A-2 Preferred Stock Purchase Agreement among Parrot S.A., MicaSense, Inc., and the Founders of MicaSense, Inc., dated October 8, 2015 (the "SPA"). Torres received $825,809 from the transaction.

4. Parrot insisted on personal guarantees from Torres relating to the AV Litigation before entering the SPA. In particular, Torres made personal warranties about facts underlying the AV Litigation. Torres also agreed personally to indemnify Parrot (and MicaSense) for any losses in connection with or arising from the AV Litigation that were not covered by insurance, and for any damages caused by breach of his personal warranties. The parties incorporated these obligations into the SPA, which Torres signed in his personal capacity.

5. The AV Litigation went to jury trial in early 2018. The jury rendered a verdict against Torres on AV's claims for breach of contract and fraudulent concealment, awarding regular and punitive damages.

6. Parrot has incurred substantial losses in connection with or arising from the AV Litigation that are not covered by insurance. Torres must indemnify Parrot for those losses. In

FIRST AMENDED COMPLAINT
(2:18-cv-000867-RSL) - 2
4834-4132-4910v.1 0111599-000002

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

addition, Torres's misrepresentations and breaches of the SPA have caused Parrot damages for which Torres is liable.

## JURISDICTION AND VENUE

7. This Court is a proper venue for this matter pursuant to 28 U.S.C. § 1391(b) because Torres resides in this district.

8. This Court has subject matter jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a), as Parrot is headquartered in Paris, France and Torres resides in Washington State, and the amount in controversy exceeds $75,000. In addition, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as Parrot's claim under Section 10(b) of the Securities Exchange Act of 1934 arises under a federal statute.

9. This Court has personal jurisdiction over the parties because Torres resides in this district.

## FACTUAL ALLEGATIONS

**A.     Torres's Employment with and Departure from AeroVironment, Inc.**

10. AeroVironment, Inc. ("AV") hired Torres in 2000, and continuously employed him until January 10, 2014. AV designs and sells unmanned aerial systems ("UAS"), commonly known as drones.

11. While employed by AV, Torres held project and program management roles for multiple drone systems. He served as AV's Aeronautical Engineering Functional Manager, Director of Project Engineering, and Chief Systems Engineer for the Small UAS Business Area. His job entailed integration of drones with onboard cameras, which means designing the airframe, electronics, cameras, ground controls, and software to perform mapping, photography, and data gathering during flight. Torres signed various employment, confidentiality, and intellectual property agreements with AV.

12. While employed with AV in 2013, Torres began planning with other AV employees, Justin McCallister and Jeff McBride, to leave AV to start their own company.

FIRST AMENDED COMPLAINT
(2:18-cv-000867-RSL) - 3
4834-4132-4910v.1 0111599-000002

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

They formed and founded MicaSense, which was incorporated in California on January 17, 2014. They are together referred to herein as "the Founders."

13. In June 2014, the Founders presented their MicaSense business plan to Parrot and solicited its investment. In November 2014, based on information provided by Torres, Parrot invested $2,000,000 to acquire 6,551,364 shares of MicaSense Series A Preferred Stock.

**B.     The AV Litigation.**

14. On March 17, 2015, MicaSense issued a press release announcing its new RedEdge multispectral camera. Three days later, on March 20, 2015, AV filed a Complaint initiating the AV Litigation.

15. AV alleged in its Complaint that while Torres was employed at AV he was involved in efforts to explore commercial markets for unmanned aerial systems (UAS), through which he acquired confidential information about AV's intentions for future commercial markets. AV alleged that Torres created confidential plans for marketing UAS products and analyzed the costs and benefits of entering the commercial market. In particular, AV alleged, Torres was asked to create for AV a business plan specifically targeting the commercial agricultural market.

16. In its Complaint, AV also alleged the Founders began working for a rival company, MicaSense, while still working for AV. AV further alleged the Founders had "researched, conceived, developed, and improved the RedEdge [multispectral camera] while they were still employees of AV." AV alleged Torres had misrepresented his plans, giving 30-days' notice before resigning and telling AV that he was going to become a "stay-at-home dad" and not take another job right away. As a result, AV alleged, Torres kept working at AV while also working on MicaSense.

17. AV asserted a claim against Torres and the other Founders for breach of their Patent and Confidentiality Agreement with AV in multiple respects: "by using the inventions, ideas and designs they assigned to AV to create and market the MicaSense RedEdge"; by engaging in competing activities while employed by AV; and by "keeping and using for their

FIRST AMENDED COMPLAINT
(2:18-cv-000867-RSL) - 4
4834-4132-4910v.1 0111599-000002

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

own benefit, the confidential, AV-owned inventions, improvements, discoveries, ideas and designs at issue . . ." AV also asserted claims for fraud, breach of fiduciary duty, breach of the duty of loyalty, unfair competition, and violation of the California Labor Code. AV alleged it was entitled to general, special, and punitive damages, restitution for profits wrongfully acquired, and an injunction requiring the return of (and prohibiting the future use of) AV's inventions, improvements, discoveries, ideas and designs.

**C.    Torres's Representations to Parrot to Induce Parrot's Second Round Investment.**

18.    After AV filed its complaint in 2015, Torres urged Parrot to make a further investment in MicaSense. That culminated in the Second Round Investment in October 2015.

19.    In evaluating the risks to its existing investment and whether to make the Second Round Investment, Parrot sought to understand from Torres whether there was any merit to the claims asserted in the AV Litigation. For that purpose, Parrot evaluated information provided by Torres, including the extent to which AV had explored development of drones for agricultural applications (the market segment targeted by MicaSense) and the nature of the Founders' preparations for their new business venture while still employed at AV. These issues were material to Parrot's evaluation of the Second Round Investment, as they would directly affect MicaSense's value and reputation, and – by extension – the value of Parrot's investment in MicaSense. In general, Torres misrepresented his activities and AV's interest in agriculture before Torres left AV. His representations also omitted material information. Had accurate and complete information been disclosed to Parrot, it would have either walked away from the Second Round Investment or paid a substantially lower price for the shares. Paragraphs 20 through 24 contain examples of key misrepresentations and omissions. There are others.

20.    In an April 14, 2015 meeting with Parrot's counsel, Steve Ormond, Torres explained [REDACTED]

FIRST AMENDED COMPLAINT
(2:18-cv-000867-RSL) - 5
4834-4132-4910v.1 0111599-000002

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

████████████ Torres represented ████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████ In addition, Torres said ██████████

████████████████████████████████████████████████████████████

████████ Torres ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

21. On April 19, 2015, Torres commented ████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

22. On May 3, 2015, Torres commented ████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

23. Through counsel, Parrot performed further diligence on this topic in July 2015 after it was notified that AV had filed an amended complaint against MicaSense and the Founders. Among other questions, Mr. Ormond asked Mr. Torres ███████████████████

████████████████████████████████████████████████████████████

████████ Torres responded ██████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████

FIRST AMENDED COMPLAINT
(2:18-cv-000867-RSL) - 6
4834-4132-4910v.1 0111599-000002

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

24.     On September 1, 2015, counsel for the defendants in the AV Litigation provided for Parrot's evaluation ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

25.     Parrot's potential Second Round Investment was presented for discussion at a meeting of the Parrot S.A. board of directors on September 15, 2015.  The Parrot directors specifically relied on the representations by Torres as outlined above in weighing the risk of the AV Litigation and ultimately deciding to proceed with the Second Round Investment.

26.     On October 8, 2015, Parrot and MicaSense entered into the SPA, whereby Parrot S.A. purchased 5,425,621 shares of MicaSense Series A-2 Preferred Stock for $7,400,004.48.  As additional consideration for its investment, Parrot received two seats on MicaSense's five-director board (the other three seats belonged to the three Founders), with each of the Parrot-appointed directors receiving two votes on board matters versus one vote for each the three Founder directors.  From the proceeds of that transaction, Torres received $825,809 (part of which was placed in escrow), pursuant to the Founder Common Stock Redemption Agreement dated October 8, 2015.  The SPA made Parrot the majority shareholder of MicaSense, and gave Parrot control of the MicaSense board.  Parrot S.A.'s ownership interests in MicaSense were transferred to Parrot Drones S.A.S. effective as of November 30, 2015.

FIRST AMENDED COMPLAINT
(2:18-cv-000867-RSL) - 7
4834-4132-4910v.1 0111599-000002

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

### D. Torres Personally Agreed to Indemnify Parrot and MicaSense against Losses Incurred In Connection With The AV Litigation.

27. The events giving rise to the AV Litigation involved internal matters at AV, and Torres's actions before and after leaving AV, all before Parrot was first approached about making a potential investment in MicaSense. Therefore, Parrot was not in a position to know or verify whether the information provided by Torres with respect to the matters at issue in the AV Litigation was complete and accurate. Accordingly, Parrot insisted on a critical term in the SPA—Section 7.2(c), which states in relevant part:

> [T]he Founders shall jointly and severally indemnify, defend and hold harmless the Indemnified Parties from and against any and all costs, expenses, damages and losses that are not paid by the Company's insurer and that are incurred by any of the Indemnified Parties in connection with or arising from the AV Litigation ("Losses").

28. Parrot and MicaSense are both Indemnified Parties, pursuant to Section 7.2(a) of the SPA. Pursuant to Section 7.2(c) of the SPA, Torres agreed personally to indemnify both Parrot and MicaSense against any Losses.

29. Beyond the indemnity for Losses under SPA § 7.2(c), Parrot obtained additional protections from Torres. Specifically, Torres agreed to personally indemnify Parrot against losses resulting from breaches of certain representations and warranties, including: that he was not obligated under any other agreement that would interfere with MicaSense's business (*id.*, § 2.16(b)); that the Founders (including Torres) were not in violation of any fiduciary duty or contracts relating to employment (*id.*, § 3.1); and that to his knowledge those representations were true and complete (*id.* § 3.4). Torres's personal warranties were separate and distinct from the warranties made by MicaSense as a company.

30. Parrot reserved the right pursuant to SPA § 3.7 to assert claims personally against Torres based on fraud or willful misconduct, notwithstanding any other terms of the SPA.

FIRST AMENDED COMPLAINT
(2:18-cv-000867-RSL) - 8
4834-4132-4910v.1 0111599-000002

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

**E.     The AV Trial Verdict Against Torres.**

31.     As ultimately revealed at trial in the AV Litigation, the representations by Torres referenced in Paragraphs 20 through 24, above, were materially incorrect and/or omitted material information. Torres made those representations (and omitted material information) intentionally and to induce Parrot to rely on them and invest further in MicaSense, enriching Torres personally. Torres's representations to Parrot were false, and/or omitted information needed to make the representations not misleading, in multiple respects.

32.     First, the evidence at trial contradicted Torres's repeated representations to Parrot ████████████████████████████████████████████████████████████████ trial testimony and exhibits showed that AV had been working on opportunities in the agricultural space and had enlisted Torres specifically to help with this task. In April 2013, AV personnel instructed Torres to look at opportunities for AV in the agriculture industry, and discussed with him opportunities to use multispectral cameras in the agriculture industry. While employed at AV, Torres knew that AV representatives had attended an industry conference on opportunities for drones in the agricultural sector and had hired an agricultural expert. Torres also knew that in September 2013 a company was inquiring as to AV's potential to conduct agricultural imaging. In October 2013, Torres and another Founder were invited as representatives of AV to a meeting regarding the use of imaging sensors in agricultural applications. On December 9, 2013 – the day before Torres gave notice of his resignation to AV – AV held a meeting regarding challenges and potential opportunities in the agriculture sector. Torres knew about the meeting and was invited, but declined to attend.

33.     Second, the evidence at trial contradicted Torres's representations ███████████████████████████████████████████████████████████████████████ The evidence at trial showed that virtually all of Torres's plans to form MicaSense and pursue the agricultural market were firmed up before he left AV, such that all that was left was to

FIRST AMENDED COMPLAINT
(2:18-cv-000867-RSL) - 9
4834-4132-4910v.1 0111599-000002

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

implement the plan.  Torres admitted at trial that he actually *had* been performing research for his agriculture application of multispectral cameras while still working for AV.  Torres admitted he did not disclose this to AV, and that he later had presented some of this research to Parrot while seeking its investment.  Torres admitted he priced components and prepared a business plan for his new company in October 2013 while still working for AV.

34.     Third, the evidence at trial contradicted Torres's representation ███████████████████████████████████████████████████████████████████████ trial testimony established that Torres used research and AV resources while employed by AV to identify and price components he would need for what would become the MicaSense RedEdge multispectral camera.

35.     Torres thereby misrepresented material information to Parrot in his April, May, and July 2015 statements, detailed in Paragraphs 20 through 24, above, in order to induce Parrot to enter the SPA, to his own financial benefit.  Torres was aware his statements were materially incorrect and/or omitted material information, given his participation in the events that made the statements false.  As such, Torres acted intentionally or with deliberate recklessness.

36.     On February 26, 2018, the jury in the AV Litigation returned a verdict finding the Founders liable to AV for breach of contract, fraudulent concealment, and breach of the duty of loyalty.  The jury awarded AV approximately $2.7 million in damages (including $825,809 in punitive damages against Torres).  AV also sought injunctive relief in a post-trial motion, but MicaSense and AV reached a monetary settlement on May 11, 2018 that ended the litigation and released all claims.  The trial and jury verdict were well-publicized.

FIRST AMENDED COMPLAINT
(2:18-cv-000867-RSL) - 10
4834-4132-4910v.1 0111599-000002

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

### F.   Harm to Parrot Caused by the AV Litigation.

37. As noted above, Torres is obliged under SPA § 7.2(c) to indemnify Parrot and MicaSense against "Losses" that are not paid by MicaSense's insurer and are incurred by Parrot or MicaSense in connection with or arising from the AV Litigation.

40. The AV Litigation, and Torres's material misrepresentations and omissions regarding the events underlying the AV Litigation, have caused Parrot to incur significant Losses. Had Torres timely disclosed accurate information, MicaSense's valuation would have been substantially lower. Parrot either would have elected not to participate in the Series A Preferred Stock offerings (and instead develop its own team in the United States to pursue the agriculture opportunity and/or pursue other U.S. investments), or would have purchased MicaSense preferred stock at a substantially lower price. Moreover, Parrot suffered additional harm because the AV Litigation: (a) constrained MicaSense's ability to execute on its business plan, thus impairing the value of MicaSense and Parrot's equity ownership interest in MicaSense; (b) impaired Parrot from achieving integration and synergies between MicaSense and other Parrot affiliates, as the exchange of technical information and development of common solutions for customers was delayed pending resolution of the AV Litigation; and (c) caused Parrot to suffer reputational harm. Parrot's damages well exceed the threshold amount for federal diversity jurisdiction ($75,000) and will be fully shown at trial.

## COUNT I

### Contractual Indemnity for AV Litigation Losses

41. Parrot incorporates all preceding allegations by reference.

42. Parrot and Torres are parties to a valid contract – the SPA – that obligates Torres to indemnify Parrot for certain damages or losses. Parrot has performed all material obligations under the SPA.

43. Section 7.2(c) of the SPA obligates Torres to indemnify Parrot for "any and all costs, expenses, damages and losses that are not paid by [MicaSense's] insurer and that are

FIRST AMENDED COMPLAINT
(2:18-cv-000867-RSL) - 11
4834-4132-4910v.1 0111599-000002

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

incurred by any of the Indemnified Parties in connection with or arising from the AV Litigation ("Losses")."

44. Parrot incurred Losses (as defined in SPA Section 7.2(c)) in connection with or arising from the AV Litigation that have not been paid by MicaSense's insurer.

45. The amounts of these Losses and other damages will be determined at trial. They include, without limitation, the components described in Paragraph 40, above.

## COUNT II

### Breach of Contractual Representations

46. Parrot incorporates all preceding allegations by reference.

47. Torres represented that he was not in violation of any fiduciary duty or contract (SPA § 3.1), and that he was not obligated under any other agreement that would interfere with MicaSense's business. *Id*. §§ 2.16(b), 3.4. As set forth above, however, these above representations and warranties were not true and Torres breached them intentionally and willfully.

48. Section 7.2(a) of the SPA requires Torres to indemnify Parrot against "any and all costs, expenses, damages and losses that are incurred by [it] as a result of a breach of any of the representations and warranties in Section 2 and Section 3" of the SPA.

49. Parrot has incurred costs, expenses, damages, and losses as a result of Torres's breaches of the above-cited representations, the amount of which will be shown at trial. They include, without limitation, the components described in Paragraph 40, above.

## COUNT III

### Violation of §10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5

50. Parrot incorporates all preceding allegations by reference.

51. In 2015, Torres made the false statements and omissions specified in Paragraphs 20 through 24, above, which he knew or deliberately disregarded were misleading, given his personal knowledge of the facts that made his statements untrue.

FIRST AMENDED COMPLAINT
(2:18-cv-000867-RSL) - 12
4834-4132-4910v.1 0111599-000002

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

52. Torres violated §10(b) of the 1934 Exchange Act, 15 U.S.C. § 78j(b) and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. 240.10b-5, in that he, in connection with the purchase or sale of securities, by the use of means or instrumentalities of interstate commerce or by the use of the mails, directly or indirectly:

a. Employed devices, schemes and/or artifices to defraud;

b. Made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made – in light of the circumstances under which they were made – not misleading; or

c. Engaged in acts, practices and/or a course of business that operated as a fraud or deceit upon Parrot in connection with its purchase of MicaSense Series A-2 Preferred Stock in 2015.

53. Parrot relied on Torres's misrepresentations, and suffered damages as a result of paying an artificially inflated price for MicaSense stock, in an amount to be shown at trial. Parrot would not have purchased MicaSense stock at the price it did had it been aware that the price had been artificially and falsely inflated by Torres's misleading statements and omissions.

## COUNT IV

### Common Law Fraud

54. Parrot incorporates all preceding allegations by reference.

55. Torres made the false representations and/or material omissions to Parrot as described in Paragraphs 20 through 24, above. Torres knew these representations were incorrect and/or that he had omitted material information necessary to make the representations not misleading.

56. Torres knew that Parrot requested information regarding his work at and departure from AV, and the events at issue in the AV Litigation, for a serious purpose – to evaluate whether to make the Second Round Investment in MicaSense.

57. Parrot intended to rely on the information provided by Torres, and did in fact rely on this information when deciding to make its Second Round Investment.

FIRST AMENDED COMPLAINT
(2:18-cv-000867-RSL) - 13
4834-4132-4910v.1 0111599-000002

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

58. Parrot's reliance on Torres's representations was reasonable.

59. Parrot relied on Torres's representations to its detriment, suffering damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

Parrot respectfully requests the following relief:

a. Damages in an amount to be determined at trial, including interest thereon;

b. Reasonable costs and expenses incurred in this action, including attorneys' fees and expert fees as may be allowed under statute or other applicable law;

c. Such other and further relief, including equitable relief, as the Court may deem just and proper.

DATED this 24th day of July, 2018.

Davis Wright Tremaine LLP
Attorneys for Plaintiff Parrot S.A. and
Parrot Drones S.A.S.

By: s/Brendan T. Mangan
   Brendan T. Mangan, WSBA #17231
   Gregory A. Hendershott, WSBA #27838
   Matthew Jedreski, WSBA #50542
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Tel: 206-622-3150
Fax: 206-757-7700
Email: brendanmangan@dwt.com
Email: gregoryhendershott@dwt.com
Email: mjedreski@dwt.com

FIRST AMENDED COMPLAINT
(2:18-cv-000867-RSL) - 14
4834-4132-4910v.1 0111599-000002

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Stephen C. Willey<br>SAVITT BRUCE & WILLEY LLP<br>1425 Fourth Avenue, Suite 800<br>Seattle, WA 98101-2272<br>swilley@sbwllp.com | _____ U.S. Mail<br>_____ Hand Delivery<br>_____ Overnight Mail<br>_____ Facsimile<br>_____ Email<br>  X    CM/ECF Notification |

*Attorneys for Defendant Torres*

DATED this 24th day of July, 2018.

        s/Brendan T. Mangan
        Brendan T. Mangan

FIRST AMENDED COMPLAINT
(2:18-cv-000867-RSL) - 15
4834-4132-4910v.1 0111599-000002

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax